UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WADYS RAFAEL RICART GONZALEZ,<br>    Plaintiff,<br><br>    v.<br><br>SUSAN DIBBINS, et al.,<br>    Defendants. | No. 3:20-cv-1871 (SRU) |

## RULING ON MOTION TO DISMISS

Wadys Rafael Ricart Gonzalez, a citizen and national of the Dominican Republic, filed this single-count suit against Susan Dibbins, in her official capacity as Chief, Administrative Appeals Office of the U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security ("USCIS"); L. Francis Cissna, in his official capacity as Senior Official Performing the Duties of Director of USCIS;[1] Chad Wolf, in his official capacity as Secretary, U.S. Department of Homeland Security;[2] Loren K. Miller, in his official capacity as Director of the Nebraska Service Center of USCIS; United States Department of Homeland Security; and USCIS (collectively, "Defendants"). Ricart Gonzalez challenges the denial by USCIS's Administrative Appeals Office ("AAO") of his appeal from the denial by the USCIS Nebraska Processing Center's Field Director of his Form I-601, Application for Waiver of Grounds of Inadmissibility, which Ricart Gonzalez filed pursuant to 8 U.S.C. § 1182(h).

Defendants filed a motion to dismiss the complaint on Rule 12(b)(1) grounds, arguing that Congress has explicitly barred district courts from review of section 1182(h) waiver

---

[1] The complaint names "L. Francis Cissna, in his official capacity, Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security"; the current Acting Director of USCIS, however, is Tracy L. Renaud.
[2] The complaint names "Chad Wolf, in his official capacity, Acting Secretary, U.S. Department of Homeland Security"; the current Secretary of the Department of Homeland Security, however, is Alejandro Mayorkas.

1

decisions in two provisions of the Immigration and Nationality Act (INA)—that is, 8 U.S.C. §§ 1182(h) and 1252(a)(2)(B)(i)—and as a result there is no subject matter jurisdiction to adjudicate Ricart Gonzalez's complaint. Opposing the motion, Ricart Gonzalez argues that an exception to the INA's jurisdictional bar applies or alternatively that the instant case should be transferred to the Second Circuit Court of Appeals. For the reasons that follow, I **grant** the motion to dismiss.

**I.     Standard of Review**

A. Federal Rule of Civil Procedure 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A party that moves to dismiss for lack of subject matter jurisdiction "may refer to evidence outside the pleadings." *Id.* (quoting *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). To survive a motion brought under Rule 12(b)(1), a plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

**II.    Background**

A. Facts[3]

Ricart Gonzalez, a national and citizen of the Dominican Republic, is the beneficiary of an approved I-130 Petition for Alien Relative filed by his U.S. citizen father. Compl., Doc. No. 1, at ¶ 19. On August 22, 2017, Ricart Gonzalez attended an Immigrant Visa interview at the U.S. Consulate in Santo Domingo and was informed that he was inadmissible to the United

---

[3] The following facts are drawn from the complaint and accompanying exhibits, and I assume them to be true for purposes of the motion.

States under section 1182(a)(2)(A)(i)(I) of the INA for having been convicted of a crime involving moral turpitude and under section 1182(a)(9)(A)(ii)(c) for having been removed from the United States after committing an aggravated felony. *See id.* Ricart Gonzalez was previously convicted in Stamford, Connecticut on December 24, 1998 of Second Degree Assault and Sixth Degree Larceny in violation of Connecticut General Statutes §§ 53a-60 and 53a-125(b). *Id.* at ¶ 20.

The INA, however, allows individuals found inadmissible under section 1182(a)(2)(A) to apply for a discretionary waiver under section 1182(h) if, among other things, "the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son or daughter of such alien." 8 U.S.C. § 1182(h)(1)(B) ("The Attorney General may, in his discretion, waive the application of [subsection (a)(2)(A)(i)(I)] if . . . it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son or daughter of such alien"). Ricart Gonzalez thereafter filed an Application for Waiver of Grounds of Inadmissibility on Form I-601 pursuant to section 1182(h), which was received by USCIS on March 16, 2018. *See* Compl., Doc. No. 1, at ¶ 21; Ex. C, Doc. No. 1, at 20. On February 27, 2019, USCIS issued a Request for Evidence ("RFE") asking Ricart Gonzalez to provide evidence that his qualifying relatives would experience extreme hardship and that he warrants a favorable exercise of discretion. *See* Ex. E, Doc. No. 1, at 23. USCIS further requested evidence of an "extraordinary circumstance" that would justify a waiver of inadmissibility. *Id.* That additional requirement was imposed because USCIS "determined that the crime of assault is considered to be a violent or dangerous crime."[4] *Id.*

---

[4] In cases "involving violent or dangerous crimes," the Attorney General "will not favorably exercise discretion under section 212(h)(2) of the Act [8 U.S.C. § 1182(h)(2)] . . . except in extraordinary circumstances, such as those

On June 3, 2019, Ricart Gonzalez filed a response to the RFE in which he argued that that USCIS had erred in concluding that a conviction under Conn. Gen. Stat. § 53a-60 is a violent or dangerous crime and had inappropriately applied the heightened standard of exceptional and extremely unusual hardship as a result. *See* Ex. F, Doc. No. 1, at 25. Ricart Gonzalez argued that USCIS should have applied the lower "extreme hardship" standard because the First Circuit in *Phuc Minh Nguyen v. Reno*, 211 F.3d 692 (1st Cir. 2000), had determined that a conviction under section 53a-60 is a crime involving moral turpitude rather than a violent or dangerous crime.[5] *See id.* He additionally cited three decisions in which the AAO applied the lower "extreme hardship" standard to other violations of section 53a-60. *See id.* at 26. In the alternative, Ricart Gonzalez argued that he merited a favorable exercise of discretion even under the heightened standard of proof, primarily pointing to the medical needs of his U.S. citizen parents and his younger brother's disability. *See id.* at 26–27.

On July 26, 2019, USCIS Nebraska Field Office Director Loren K. Miller denied Ricart Gonzalez's application, noting that his assault conviction was violent or dangerous and that 8 C.F.R. § 212.7(d) therefore required a showing of extraordinary circumstances for a favorable exercise of discretion. *See* Ex. G, Doc. No. 1, at 36–37. USCIS further concluded that Ricart Gonzalez's response to the RFE did not provide evidence of any extraordinary circumstances that could support his waiver application. *Id.* at 37.

Ricart Gonzalez appealed USCIS's denial of his I-601 to the AAO on August 22, 2019, once again arguing that USCIS erred in concluding that his assault conviction was a violent or

---

involving national security or foreign policy considerations, or cases in which an alien clearly demonstrates that the denial of the application for adjustment of status . . . or admission as an immigrant would result in exceptional or extremely unusual hardship." 8 C.F.R. § 212.7(d).

[5] In his response to the RFE, Ricart Gonzalez mischaracterizes *Phuc Minh Nguyen* as holding that section 53a-60 is a crime of moral turpitude and *not* a violent or dangerous crime. The court in *Phuc Minh Nguyen* only determined that the statute in question fits the definition of moral turpitude and did not address whether a crime of moral turpitude can also be violent or dangerous. *See Phuc Minh Nguyen v. Reno*, 211 F.3d 692, 695 (1st Cir. 2000).

dangerous crime. *See* Ex. H, Doc. No. 1, at 41. He alternatively argued that he met the heightened standard because his qualifying relatives would suffer extremely unusual hardship if he was unable to adjust his status. *Id.* at 45–46.

The AAO decided Ricart Gonzalez's appeal on August 20, 2020, concluding that his assault conviction was a violent and dangerous crime and he had failed to demonstrate extraordinary circumstances that would warrant a favorable exercise of discretion. *See* Ex. I, Doc. No.1, at 59. The AAO rejected Ricart Gonzalez's argument that, under *Phuc Minh Nguyen*, a conviction under section 53a-60 was a crime involving moral turpitude and therefore not a violent or dangerous crime. *Id.* at 60.

B.  Procedural History

Ricart Gonzalez filed the instant case on December 12, 2020 against several USCIS and Department of Homeland Security officials. *See* Compl., Doc. No. 1, at ¶¶ 6–11. The complaint, under count one, asserts violations of the APA, the INA, and the INA's implementing regulations (8 C.F.R. § 212.7(d) *et seq*.). *Id.* at ¶¶ 31–38. Ricart Gonzalez alleges the finding that his conviction under section 53a-60 is a violent and dangerous crime, thereby triggering the heightened standard of review, was a "clear error, arbitrary, capricious finding, not in accordance with the law." *Id.* at 11.

Defendants filed a motion to dismiss the complaint on February 16, 2021, doc no. 8, which Ricart Gonzalez opposed on March 8, 2021, doc. no. 9. Defendants filed a reply on March 18, 2021. Doc No. 10. Oral argument was held July 17, 2021.

### III. Discussion

#### A. <u>Subject Matter Jurisdiction</u>

Ricart Gonzalez asserts in his complaint that this court has jurisdiction over his challenge to the decision denying his application for a section 1182(h) waiver of inadmissibility under the Administrative Procedure Act (APA) and 28 U.S.C. § 1331.[6] Compl., Doc. No. 1, at ¶ 12. Defendants in their motion to dismiss aver that the court lacks subject matter jurisdiction because sections 1182(h) and 1252(a)(2)(B)(i) of the INA bar this court from review of the denial of the section 1182(h) waiver of inadmissibility. *See* Doc No. 8-1, at 4. As I discuss in more detail below, I conclude that Ricart Gonzalez has not met his burden of showing that subject matter jurisdiction exists.

   1. *Sections 1182(h) and 1252(a)(2)(B)(i) of the INA bar judicial review of any judgment granting relief under section 1182(h).*

The INA stipulates that "[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver" under section 1182(h).[7] 8 U.S.C. § 1182(h). The INA's jurisdictional bar for review of section 1182(h) waivers is further reinforced by section 1252(a)(2)(B)(i), which insulates "any judgment regarding the granting of relief under section 1182(h)" from judicial review. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Kucana v. Holder*, 558

---

[6] The complaint cites 8 U.S.C. § 1331 rather than 28 U.S.C. § 1331. Nevertheless, I will assume that Ricart Gonzalez intended to cite 28 U.S.C. § 1331 because Title 8 does not contain a section 1331. Ricart Gonzalez additionally asserts that this court can grant relief under the All Writs Act and the Declaratory Judgment Act. Compl., Doc. No. 1, at ¶ 14. Neither statute provides jurisdiction, however, so I do not address them. *See Clinton v. Goldsmith,* 526 U.S. 529, 524 (1999) ("While the All Writs Act authorizes employment of extraordinary writs, it confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction . . . [t]he Act does not enlarge that jurisdiction."); *Nike, Inc. v. Already*, *LLC*, 663 F.3d 89, 95 (2d Cir. 2011) ("The Declaratory Judgment Act does not expand the subject matter jurisdiction of the federal courts."), *aff'd*, *Already, LLC v. Nike, Inc.,* 568 U.S. 85 (2013).

[7] This jurisdictional bar applies to USCIS discretionary decisions as well. *See Shabaj v. Holder*, 718 F.3d 48, 51 n.3 (2d Cir. 2013) ("Although CIS is a unit of the Department of Homeland Security ('DHS'), the Homeland Security Act of 2002 mandates that references to the Attorney General are deemed to include DHS where, as here, the relevant agency functions have been transferred from the Department of Justice to DHS.") (citing 6 U.S.C. § 557).

U.S. 233, 234 (2010) (noting that section 1252(a)(2)(B)(i) "places within the no-judicial-review category 'any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255'") (quoting 8 U.S.C. § 1252(a)(2)(B)(i)). Looking to the plain language of the statute, the Second Circuit noted that Congress' intent to deny judicial review of the decision to grant or deny discretionary relief under section 1182(h) was clear and it accordingly declined to interpret the statute as conferring subject matter jurisdiction over such decisions. *See Bugayong v. INS*, 442 F.3d 67, 71, 71 n.2, 72 (2d Cir. 2006); *see also Cantave v. Farquharson*, 2002 WL 32500859, at *2 n.3 (D. Conn. Apr. 17, 2002) ("Judicial review is not available for denial of waivers sought pursuant to § 212(h) [18 U.S.C. § 1182(h)]").

With respect to nondiscretionary, or "purely legal," decisions regarding an alien's eligibility for the relief specified in section 1252(a)(2)(B)(i), however, the Second Circuit has held that section 1252(a)(2)(B) did not strip courts of jurisdiction to review such decisions. *See Sepulveda v. Gonzales*, 407 F.3d 59, 62–63 (2d Cir. 2005). According to the *Sepulveda* Court, claims of such a nature were "purely legal" and subject to judicial review. *See id.* at 63; *see also Zhang v. Gonzales*, 457 F.3d 172, 175 (2d Cir. 2006) (explaining that the term "judgment" in subsection 1252(a)(2)(B)(i) has been held to refer to discretionary decisions by *Sepulveda* and its progeny).

*Sepulveda* was followed by the enactment of the Real ID Act, which provided jurisdiction to the court of appeals to review constitutional claims and questions of law arising from "a petition for review." *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with

7

this section"). Petitions for review have been defined as a challenge to a Board of Immigration Appeals ("BIA") order of removal. *Singh v. United States Citizenship & Immigration Services*, 878 F.3d 441, 445 (2d Cir. 2017) (citing 8 U.S.C. § 1252(a)(1)).

It is unsettled whether section 1252(a)(2)(D) supersedes *Sepulveda* and divests district courts of subject matter jurisdiction over *all* immigration decisions—even "purely legal" decisions made outside of removal proceedings—or whether section 1252(a)(2)(D) merely articulates an additional exception to the INA's jurisdictional bar. *Compare Xiu Qing You v. Nielsen*, 2020 WL 2837022, at *8 (S.D.N.Y. June 1, 2020) ("In contrast to the § 1252(a)(2)(D) exception, the *Sepulveda* exception allows district courts to review some questions of law if they arise from an eligibility determination."), *with Ahmad v. Lynch*, 2015 WL 10662771, at *1 n.1 (E.D.N.Y. Dec. 23, 2015) ("The Court finds that the case relied upon by Plaintiff in its Amended Complaint to establish jurisdiction, *Sepulveda v. Gonzales*, 407 F.3d 59 (2d Cir. 2005), was decided before the REAL–ID Act introducing 8 U.S.C. § 1252(a)(2)(D) and therefore did not address that provision's requirement that constitutional claims or questions of law be raised with the court of appeals.").

Notably, the Second Circuit has continued to cite to *Sepulveda* as authoritative. *See, e.g., Lulea v. Barr,* 802 F. App'x 629, 631 (2d Cir. 2020); *Sharkey v. Quarantillo*, 541 F.3d 75, 85 (2d Cir. 2008) (relying in part on *Sepulveda* in holding that section 1252(a)(2)(B)(i) did not strip lower court of jurisdiction to decide, *inter alia*, whether the plaintiff was previously granted lawful permanent resident status because that question would not entail a review of a discretionary decision); *Chen v. Coven,* 672 F. App'x 136, 137 (2d Cir. 2017) ("the district court retains jurisdiction to consider a challenge to a non-discretionary decision regarding an alien's eligibility for adjustment of status . . . . As Chen does not challenge a discretionary

determination, and instead challenges USCIS's determination that she made fraudulent or willful misrepresentations, the district court had subject matter jurisdiction to consider Chen's complaint") (citing *Sharkey v. Quarantillo*, 541 F.3d 75, 82 n.7, 85–86 (2d Cir. 2008); *Sepulveda v. Gonzales*, 407 F.3d 59, 62–63 (2d Cir. 2005)).

In *Shabaj v. Holder*, however, the Second Circuit suggested that constitutional questions or questions of law must be raised with a court of appeals rather than district courts under section 1252(a)(2)(D), regardless of whether the underlying claim challenges an order of removal. *Shabaj v. Holder,* 718 F.3d 48, 51 (2d Cir. 2013); *accord Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009) (holding that section 1252(a)(2)(D) does not grant jurisdiction to review questions of law in district court cases); *Lee v. U.S. Citizenship & Immigr. Servs.,* 592 F.3d 612, 620 (4th Cir. 2010) ("[Section 1252(a)(2)(D)] specifically provides that the exclusive means of judicial review of a legal issue related to the denial of an adjustment of status is by a petition for review to the court of appeals.").

In *Shabaj*, the petitioner took issue with CIS's decision to deny him a waiver of inadmissibility under section 1182(i), a decision that the government contended was not made as part of a removal proceeding. *See* 718 F.3d at 51 n.5. Nevertheless, the Court stated that, "while *this court* would have jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review, the *district court* did not have jurisdiction to review Shabaj's challenge to CIS's discretionary hardship determination." *Id*. at 51. The Court elaborated, "the limitation in § 1252(a)(2)(D) provid[es] that petitions for review raising constitutional claims or questions of law must be filed in the appropriate *court of appeals*." *Id*. at 52.  The Court distinguished *Sharkey* on the ground that none of Sharkey's claims challenged any discretionary decision by the agency.  *See id*.

More recently, however, the Supreme Court indicated that section 1252(a)(2)(D) only addresses jurisdiction with respect to removal proceedings. Specifically, in G*uerrero-Lasprilla v. Barr*, the Court announced that, "the Limited Review Provision [section 1252(a)(2)(D] provides that, *in this kind of immigration case (involving aliens who are removable for having committed certain crimes)*, a court of appeals may consider only 'constitutional claims or questions of law.'" *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020) (emphasis added).

Ultimately, even if section 1252(a)(2)(D) does not supersede *Sepulveda* and does not divest district courts of jurisdiction over legal decisions made in non-removal proceedings, the exceptions to the INA's jurisdictional bar that Ricart Gonzales invokes do not apply here. First, the *Sepulveda* exception is not applicable here because the challenged decision—the AAO's denial of his application for a section 1182(h) waiver—is a discretionary, not a "purely legal," decision regarding his eligibility for relief. As the Second Circuit noted in *Bugayong*, the express terms of the waiver of inadmissibility under section 1182(h) entail a request for discretionary relief and so *Sepulveda* bars any judicial review of the AAO's decision. 442 F.3d at 71.

Ricart Gonzalez in his opposition to the motion to dismiss further argues that a general exception exists for claims raising questions of law or constitutional claims based on the language of several other Second Circuit cases. *See* Doc No. 9-1, at 2–3 (citing *Bugayong*, 442 F.3d at 68; *Barco-Sandoval v. Gonzalez*, 516 F.3d 35, 39 (2d Cir. 2008); *Sepulveda*, 407 F.3d at 62-63; *De La Rosa v. U.S. Dep't of Homeland Sec.*, 489 F.3d 551, 554 n.2 (2d Cir. 2008)). Even assuming that Ricart Gonzalez's complaint could be characterized as raising a question of law rather than a discretionary decision, the cases he cites are all distinguishable from the instant case because they only support the proposition that a question of law or constitutional claim may supersede the INA's jurisdictional bar under the Real ID Act and therefore be presented to a

court of appeals, not district courts. *See Bugayong,* 442 F.3d at 71 (citing the limited exception to the INA's jurisdictional bar for the court of appeals provided by the Real ID Act); *Barco-Sandoval*, 516 F.3d at 39 ("the REAL ID Act restores [the Second Circuit's] jurisdiction to review 'constitutional claims or questions of law' . . . .") (citing *Xiao Ji Chen v. United States DOJ*, 471 F.3d 315, 329 (2d Cir. 2006)); *De La Rosa*, 489 F.3d at 554 n.2 (explaining that the Second Circuit has jurisdiction over claims raising a question of law pursuant the Real ID Act).

2. *The other bases for subject matter jurisdiction cited by Ricart Gonzalez do not overcome the INA's jurisdictional bar.*

The APA provides that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, *is entitled to judicial review thereof.*" *Sharkey v. Quarantillo*, 541 F.3d 75, 83–84 (2d Cir. 2008) (quoting *Darby v. Cisneros*, 509 U.S. 137, 146 (1993)); *see also* 5 U.S.C. § 702. The APA does not, however, provide an independent basis for subject matter jurisdiction. *See Sharkey,* 541 F.3d at 84 (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977)). Instead, the federal question statute—28 U.S.C. § 1331—confers jurisdiction over a suit that arises from a right of action created by the APA. *See id.* (citing *Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988)).

Although the APA provides a right of action for the review of administrative action, its review provisions do not apply "to the extent that . . . statutes preclude judicial review." 5 U.S.C. § 701(a)(1). The Second Circuit has ruled that, despite the APA, sections 1182(i)(2) and 1252(a)(2)(B) of the INA both precluded judicial review of USCIS's decision denying an application for a waiver of inadmissibility pursuant to section 1182(i). *See Shabaj*, 718 F.3d at 52. The jurisdiction-barring language in section 1182(i)(2) is almost identical to that in 8 U.S.C. § 1182(h), and accordingly *Shabaj* is instructive with respect to waivers under section 1182(h) as well. *See Nat'l Credit Union Admin v. First Nat'l Bank & Tr. Co.*, 522 U.S. 479, 501 (1998)

11

("similar language within the same statutory section must be accorded a consistent meaning"); *compare* 8 U.S.C. § 1182(i)(2) ("No court shall have jurisdiction to review a decision of the Attorney General regarding a waiver under paragraph (1)"), *with* 8 U.S.C. § 1182(h) ("No court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver under this subsection").

Because section 1252(a)(2)(D) of the INA does not apply to the instant case for the reasons detailed above, the APA in conjunction with section 1331 does not provide me with subject matter jurisdiction because sections 1182(h) and 1252(a)(2)(B) preclude judicial review. Ricart Gonzalez in his opposition acknowledged as much, noting that absent any exception, "*Shabaj* . . . is controlling and bars review of [his] complaint for agency review under the APA." Doc. No. 9-1, at 3. Indeed, at oral argument, Ricart Gonzalez's counsel again conceded that I did not enjoy jurisdiction over this case, arguing instead that jurisdiction lies with the Second Circuit.

B.  Transfer to the Second Circuit

In his opposition to Defendants' motion to dismiss, Ricart Gonzalez proposes that if I conclude that subject matter jurisdiction is lacking, I should transfer his complaint to the Second Circuit under 28 U.S.C. § 1631 rather than dismissing it. Doc. No. 9-1, at 3.

Section 1631 requires courts to transfer civil actions or appeals, including a petition for review of administrative action, when (1) the court lacks jurisdiction over the case; (2) the transferee court would have had jurisdiction over the case when it was filed; and (3) transfer would be in the interest of justice. *Ruiz v. Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009) (citing 28 U.S.C. § 1631); *see also Paul v. INS*, 348 F.3d 43, 46 (2d Cir. 2003) (holding that transfer is

12

mandatory when all conditions are met). Ricart Gonzalez asserts that the Second Circuit has jurisdiction pursuant to section 1252(a)(2)(D).

As I will discuss in more detail below, there is no circuit court that would have had jurisdiction over Ricart Gonzalez's case under section 1252(a)(2)(D) when it was filed and I therefore conclude that his case cannot be transferred.

1. *The grant of jurisdiction to review questions of law provided by 8 U.S.C. § 1252(a)(2)(D) is limited to petitions for review of final orders of removal.*

As explained above, section 1252(a)(2)(D) provides an exception to the jurisdiction-stripping provisions of the INA that allows a court of appeals to review questions of law arising from a petition to review grants of discretionary relief. 8 U.S.C. § 1252(a)(2)(D). The threshold question to determine the reviewability of Ricart Gonzalez's claim in a court of appeals, therefore, is whether his challenge to USCIS's decisions amounts to a "petition for review" within the meaning of section 1252(a)(2)(D).[8]

In *Shabaj*, the government argued that petitions for review are only available for challenges to orders of removal. 718 F.3d at 51 n.5. The Second Circuit declined to address that argument, leaving open the possibility that USCIS hardship determinations could be reviewable. *See id.* The Second Circuit in *Singh*, however, interpreted a "petition for review" for the purposes of the Real ID Act as "a challenge to an order of removal entered by the BIA." 878 F.3d at 445 (citing 8 U.S.C. § 1252(a)(1)); *see also Ruiz v. Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009) (agreeing with the government's argument that section 1252(a)(1) only grants the court of appeals jurisdiction to review final orders of removal); *accord Hamilton v. Gonzales*, 485 F.3d

---

[8] In light of my holding in this case, I need not reach Defendants' argument that Ricart Gonzalez can no longer file a claim in a court of appeals because it would be untimely.

564, 566-67 (10th Cir. 2007) (holding that a final order of removal is a prerequisite to the application of section 1252(a)(2)(D)).

The Second Circuit's decision in *Singh* clearly places Ricart Gonzalez's claim outside the jurisdictional grant contained in section 1252(a)(2)(D) by defining "petition for review" as a challenge to a BIA order of removal. 878 F.3d at 445. Furthermore, the plain language of the grant of circuit court jurisdiction in section 1252(a)(1) only covers general orders of removal. 8 U.S.C. § 1252. The legislative history of the Real ID Act additionally suggests that Congress intended the Act to restore limited judicial review specifically for aliens facing removal. *See Hamilton*, 485 F.3d at 567 ("the legislative history of REAL ID provides useful context that Congress intended § 1252(a)(2)(D) review to become effective only upon the appeal of a final order of removal") (citing H.R. Rep. 109-72, 174, 2005 U.S.C.C.A.N. 240; H.R. Rep. 109-72, 175, 2005 U.S.C.C.A.N. 240). Because Ricart Gonzalez's claim does not constitute a petition for review of an order of removal and thus could not have been filed in a court of appeals at the time it was filed in the district court, I hold that his complaint cannot be transferred. I therefore **grant** Defendants' motion to dismiss.

## IV. Conclusion

For the foregoing reasons, I conclude that I lack subject matter jurisdiction over Ricart Gonzalez's complaint and therefore **grant** Defendants' motion to dismiss (doc. no. 8). The Clerk shall close the file.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of August 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

14